IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Jeffrey Zenon, | ) |
| | ) |
| Plaintiff, | )   **ORDER GRANTING MOTION FOR** |
| | )   **CONSOLIDATION** |
| vs. | ) |
| | ) |
| Prime Time Healthcare, LLC, | )   Case Nos. 1:25-cv-092 and 1:25-cv-097 |
| | ) |
| Defendant. | ) |

On May 8, 2025, Plaintiff Jeffrey Zenon ("Zenon") filed Motions to Consolidate Case Nos. 1:25-cv-092 and 1:25-cv-097. For the reasons that follow, the motions are granted.

I.      BACKGROUND

   A.      Case No. 1:25-cv-092

Zenon initiated Case No. 1:25-cv-092 against Defendant Prime Time Healthcare, LLC ("Prime Time") on April 25, 2025, with the submission of an "Application to Proceed in District Court without Prepaying Fees or Costs" ("Application"). (Doc. No. 1-1). Attached to the Application was a proposed Complaint that incorporated by reference a Complaint in a state court action that Zenon had previously initiated against Prime Time. (Doc. No. 1-1). Also attached to the Application was a copy of Zenon's state court Complaint in which he asserted claims of employment discrimination in violation of state law. (Doc. No. 1-2).

On April 28, 2025, the court issued an order granting Zenon's Application and directed that the Clerk's office file Zenon's Complaint but refrain from effectuating service pending further order as it was subject initial review pursuant to 28 U.S.C. 1915(e)(2). (Doc. No. 6). In so doing, the court made the following observation:

> It is unclear whether Plaintiff is endeavoring to remove his state case to federal court or simply re-file his case in federal court. "Under the plain language of the jurisdictional statutes, only a defendant has the authority to remove a case to federal court where the original action was filed in state court." <u>Andersen v. Khanna</u>, 827 F. Supp. 2d 970, 975 (S.D. Iowa 2011) (citing 28 U.S.C. § 1441 ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants....") and; 28 U.S.C. § 1446 ("A defendant or defendants desiring to remove any civil action ... from a State court shall file in the district court of the United States ... a notice of removal....")). "The United States Supreme Court has taken a literal reading of this language and has concluded that only defendants may remove a state case to federal court." <u>Id.</u> (citing <u>Shamrock Oil</u>, 313 U.S. 100,108 (1941)).
>
> The court shall proceed as if Plaintiff is abandoning his effort to proceed in state court and is endeavoring to re-file his case here. Plaintiff should therefore appreciate that he is basically starting from scratch and that Defendant will need to be served with a federal summons and copy of the complaint (provided that Plaintiff complaint survives in whole or in part the court's initial review).

(<u>Id.</u>).

On April 28, 2025, Zenon filed a motion for leave to file an Amended Complaint, which the court granted with instructions to the Clerk's office to file the Amended Complaint but refrain from effectuating service of it pending further order. (Doc. No. 8). In his Amended Complaint, Zenon asserted claims of racial discrimination, retaliation, and wrongful termination in violation of Title VII of the Civil Rights Act of 1964 but did not renew or reassert his state claims. (Doc. No. 9).

On May 8, 2025, Zenon filed a motion requesting the court to consolidate this action with Case No. 1:25-cv-097. (Doc. No. 12).

On May 12, 2025, the court issued an order directed that the Clerk's office to effectuate service of Zenon's Amended Complaint. (Doc. No. 14).

**B.    Case No. 1:25-cv-097**

On April 29, 2025, Prime Time initiated Case No 1:25-cv-097 with the filing with this court a notice of its removal of the action Zenon had filed against it in state court. (Doc. No. 1). On May

2, 2025, Prime Time filed its answer.

On May 8, 2025, Zenon filed a motion to consolidate this action action with Case No. 1:25-cv-092.  (Doc. No. 8).

## II.     DISCUSSION

Rule 42 of the Federal Rules of Civil Procedure allows for the consolidation of actions involving common questions of law or fact pending before the Court.  Rule 42 provides in part as follows:

> **(a) Consolidation**.  If actions before the court involve a common question of law or fact, the court may:
>
>> **(1)** join for hearing or trial any or all matters at issue in the actions;
>>
>> **(2)** consolidate the actions; or
>>
>> **(3)** issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).  The decision to consolidate cases is left to the broad discretion of the district court and will only be overturned for abuse of that discretion.  Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir.1994); United States E.P.A. v. City of Green Forest, Ark., 921 F.2d 1394, 1402 (8th Cir. 1990); Seguro de Servicio de Salud v. McAuto Sys. Group, 878 F.2d 5, 8 (1st Cir.1989) ( noting the threshold issue is whether the two cases involve a common party and common questions of fact or law.); Frazier v. Garrison I.S.D., 980 F.2d 1514, 1531 (5th Cir.1993) ("[A] trial court may consolidate multiple actions if the actions involve common questions of law or fact."); Watson v. Portfolio Recovery Assocs., LLC., No. 1:12-CV-035, 2012 WL 12897121 *2 (D.N.D. June 11, 2012) (finding consolidation pursuant to Rule 42 was appropriate given the actions involved common questions of law and fact and the same parties and claims).

The claims in both cases arise out of the same conduct and involve the same defendant.  Both

cases are in their early stages having been filed around the same time and were directly assigned to the undersigned.  Having reviewed the pleadings, the Court finds that similar questions of questions of law and common questions of fact exist so as to warrant consolidation.  Further, consolidation of the actions would provide for the best use of judicial resources.  Consolidation will also conserve the resources of the parties.

### III.   CONCLUSION

Having carefully reviewed the entire record, the court finds that consolidation is appropriate. Accordingly, Zenon's motions for consolidation (Case No. 1:25-cv-092, Doc. No. 12; Case No. 1:25-cv-097, Doc. No. 8) are **GRANTED**.  Case No. 1:25-cv-097 and Case No. 1:25-cv-92 shall in all respects be **CONSOLIDATED.**  Case No. 1:25-cv-097 is designated as the lead case in which everything shall be filed going forward .

Dated this 14th day of May, 2025.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court